IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re:<br>CHARRON L. OLIVER,<br>*Debtor.* | Case No. 25-14777-MMH<br>Chapter 13 |
| S. GOLDBERG – CUSTODIAN, LLC<br>*Movant,*<br>v.<br>CHARRON L. OLIVER,<br>*Respondent.* | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(1) OR, IN THE ALTERNATIVE, FOR AN ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY**

S. Goldberg – Custodian, LLC (the "Movant"), by its undersigned counsel, moves this Court under 11 U.S.C. § 362(d)(1) and Federal Rule of Bankruptcy Procedure 4001(a) for an order granting relief from the automatic stay of 11 U.S.C. § 362(a) to the extent the stay applies, or, in the alternative, for an order confirming that the automatic stay does not apply to the Movant's continued prosecution and enforcement of its ground-rent ejectment action and other proceedings regarding the property of the non-debtor leasehold (subject to the ground rent) owner of 1002 Bonaparte Avenue, Baltimore, Maryland 21218 (the "Property"). In support, the Movant states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G). Venue is proper under 28 U.S.C. § 1409.

2. The statutory predicate for the relief requested is 11 U.S.C. § 362(d)(1).

**Background**

3. The Movant owns a $75.00-per-year ground rent on the Property, acquired by deed dated November 25, 2014 and recorded among the Land Records of Baltimore City (the "Ground Rent Deed"). A copy of the Ground Rent Deed is attached hereto as **Exhibit 1.**

4. The leasehold interest in the Property is owned by Raynard E. McCamie, who is not a debtor in this case. See SDAT Search Result for the Property, a copy of which is attached hereto as **Exhibit 2.**

5. The Movant is the plaintiff in a pending ground-rent ejectment action styled *S. Goldberg – Custodian, LLC v. Raynard E. McCamie, et al.*, Case No. 24-C-23-001265, in the Circuit Court for Baltimore City (the "Ejectment Action"), filed in 2023. The Movant obtained a judgment for possession by default against the defendants in the Ejectment Action on June 11, 2026. A copy of the default judgment is attached hereto as **Exhibit 3.**

6. The Debtor, Charron L. Oliver, does not own the Property. The Debtor holds only a deed of trust recorded against the Property (the "Deed of Trust"), securing a note from Mr. McCamie with a stated final payment date of November 1, 2008. In her schedules, the Debtor describes her interest as that of "the Deed of Trust Lien Holder" and expressly states that she "does not own title to this real property, but is the lien holder of the mortgage."

7. Because the final payment date stated in the Deed of Trust is November 1, 2008, more than twelve years before both this bankruptcy case and the Ejectment Action, the lien of the Deed of Trust has terminated by operation of law under Md. Code Ann., Real Prop. § 7-106(c).

8. The Debtor filed this Chapter 13 case on May 28, 2025. The Debtor's Fourth Amended Chapter 13 Plan was confirmed by order entered October 20, 2026. The confirmed plan

provides for the Movant's ground-rent claim as a secured claim in the amount of $3,500.00. The Movant also filed a proof of claim on November 12, 2026.

**Grounds for Relief**

*I. Cause exists under § 362(d)(1) because the Property is owned by a non-debtor and the Debtor's only interest in the Property is an extinguished lien.*

9. A court shall grant relief from the automatic stay "for cause," including but not limited to a lack of adequate protection, on the request of a party in interest. 11 U.S.C.A. § 362. The Movant, whose enforcement of its ground rent rights is potentially impeded by the stay, is a party in interest with standing to seek relief. *In re Horton*, 595 B.R. 1, 3–4 (Bankr. D.D.C. 2019).

10. Cause exists here because the automatic stay does not protect the interest the Movant seeks to reach. The automatic stay protects only the debtor, property of the debtor, and property of the estate; it does not stay an action against real property that the debtor does not own. Courts in this District have accordingly held the stay inapplicable to real property titled in the name of a non-filing party. *In re Balzano*, 399 B.R. 428, 431–432 (Bankr. D. Md. 2008).

11. The Property is owned in leasehold (subject to the ground rent) by Mr. McCamie, a non-debtor. The Ejectment Action and other action taken by Movant regarding the property seeks possession as against that leasehold interest. The only interest the Debtor holds in the Property is the Deed of Trust, which has terminated by operation of law under Md. Code Ann., Real Prop. § 7-106(c). The Debtor therefore holds no enforceable interest in the Property, and no purpose of the Bankruptcy Code is served by continuing the stay as to the Movant's enforcement against Mr. McCamie's fee.

12. The relief requested will not disturb the confirmed plan's treatment of the Movant's claim. The Movant does not seek to alter, and will not affect, the $3,500.00 secured claim the plan

provides; it seeks only to proceed against the property of the non-debtor leasehold owner in the Ejectment Action and other proceedings concerning the Property.

*II. In the alternative, the Court should enter an order confirming that the automatic stay does not apply to enforcement against the non-debtor fee owner.*

13. For the reasons stated above, the automatic stay does not, by its terms, bar the Movant's continued prosecution and enforcement of the Ejectment Action and other proceedings against Mr. McCamie's leasehold interest in the Property. *In re Balzano*, 399 B.R. 428, 431–432 (Bankr. D. Md. 2008). To avoid any question of a stay violation, and in lieu of relief from stay, the Movant requests in the alternative an order confirming that the automatic stay does not apply to that enforcement.

**Request for Waiver of the 14-Day Stay**

14. Unless the Court orders otherwise, an order granting relief from the automatic stay is stayed for 14 days after entry under Federal Rule of Bankruptcy Procedure 4001(a). To permit the Movant to proceed promptly in the Ejectment Action, the Movant requests that the Court waive the 14-day stay.

**Local Rule Statement**

15. Pursuant to Local Bankruptcy Rule 9013-2, the Movant states that it is not filing a separate memorandum of law in support of this motion.

**Relief Requested**

WHEREFORE, the Movant respectfully requests that the Court:

(a) grant relief from the automatic stay under 11 U.S.C. § 362(d)(1) to permit the Movant to prosecute and enforce the Ejectment Action, and other proceedings against the Property, including taking possession of the Property, as against the non-debtor leasehold owner which includes the Judgment for Possession by Default;

(b) in the alternative, enter an order confirming that the automatic stay of 11 U.S.C. § 362(a) does not apply to the Movant's prosecution and enforcement of the Ejectment Action, including other proceedings, against the property of the non-debtor leasehold owner of the Property, which includes the Judgment for Possession by Default;

(c) waive the 14-day stay imposed by Federal Rule of Bankruptcy Procedure 4001(a) (Fed. R. Bankr. P. 4001); and

(d) grant such other and further relief as is just and proper.

Dated: November 23, 2026

Respectfully submitted,

*<u>/s/ Jessica Lynne Duvall</u>*
Jessica Lynne Duvall, Fed. Bar No.: 21241
Levin Gann P.A.
1 West Pennsylvania Avenue, Suite 900
Towson, MD 21204
Tel.: 410-321-4666
Email: jduvall@levingann.com

*Counsel to Movant*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on November 23, 2026, a copy of the foregoing Motion for Relief from Stay was served by CM/ECF to the following parties:

- **Chaitanya Gopal** cgopal@raslg.com
- **Rebecca A. Herr** ecf@ch13md.com
- **Nikita Rajendra Joshi** bkecfinbox@aldridgepite.com, njoshi@ecf.courtdrive.com
- **Jeffrey M. Sirody** nicole@sirody.com, smeyers5@hotmail.com; sirodyjr47896@notify.bestcase.com
- **Scott B Wheat** swheat@fftlaw.com

I FURTHER CERTIFY that on November 23, 2026, a copy of the foregoing Motion for Relief from Stay was served by first-class mail, postage pre-paid, to the following parties:

Charron L. Oliver,
3811 Harlem Ave.,
Baltimore, MD 21229

Rebecca A. Herr, Chapter 13 Trustee,
185 Admiral Cochrane Dr., Suite 240,
Annapolis, MD 21401

Office of the U. S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

*/s/ Jessica Lynne Duvall*
Jessica Lynne Duvall